NOT DESIGNATED FOR PUBLICATION

Nos. 127,886
127,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL LEE YATES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Bach T. Hang*, assistant district attorney, *Thomas Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

ISHERWOOD, J.: Michael Lee Yates filed two motions pursuant to K.S.A. 60-1507 challenging the representation his counsel provided during Yates' two separate prosecutions for battering correctional officers. Following a review of the motions, files, and records, the district court denied both motions as untimely, conclusory, and successive. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, Yates was charged with battery of a state correctional officer following a violent incident at Hutchinson Correctional Facility (HCF) where Yates was incarcerated. A jury later found him guilty, and the district court sentenced him to a prison term of 136 months. A panel of this court affirmed his conviction, and the mandate was issued on August 6, 2019. *State v. Yates*, No. 118,772, 2018 WL 6071466, at *1-5 (Kan. App. 2018) (unpublished opinion) (*Yates I*).

A little over a year and a half later, the State charged Yates, under case No. 17-CR-62, with two counts of battery of a correctional officer, alleging that he struck two correctional officers at the Reno County jail. Yates moved to dismiss the case, pro se, alleging that because he already received an internal disciplinary sanction at the prison for the incident, adding a criminal conviction for the same offense would constitute double jeopardy in violation of the Fifth Amendment to the United States Constitution. The district court denied the motion and, following a bench trial, concluded that Yates was guilty as charged. He was sentenced to serve a prison term of 130 months for the first count and 32 months for the second count with those sentences to be served concurrently with one another but consecutive to his first case for a total sentence of 266 months. Yates pursued an appeal to this court, and his convictions were affirmed. *State v. Yates*, No. 118,777, 2018 WL 6072101 (Kan. App. 2018) (unpublished opinion) (*Yates II*). The mandate was issued on October 23, 2019.

On March 18, 2020—225 days after the mandate was filed in *Yates I* and 147 days after one was filed in *Yates II*—our Supreme Court suspended deadlines and time limitations in judicial proceedings because of the COVID-19 pandemic. See Kansas Supreme Court Administrative Order 2020-PR-016, effective March 18, 2020. Despite this suspension, Yates filed a pro se K.S.A. 60-1501 petition alleging that the warden of HCF wrongfully deprived him of his liberty. At the outset of the motion, Yates

complained that he was charged with battery of a state correctional officer at HCF in 2015 but then charged again in 2016 "for the same battery on a[n] LEO in Reno County" and found guilty again. In the body of the motion that followed this allegation, Yates broke those cases down, largely into their respective parts. He asserted that the first conviction resulted in a sentence of 6 months in prison, although the actual prison term imposed in that case was 136 months. *Yates I*, 2018 WL 6071466, at *1. He then noted that the offense also resulted in his receipt of a $20 fine, 45 days in disciplinary desegregation, and 6 months of "restriction," apparently referring to the various components of the disciplinary sanction ordered by HCF for the first offense. Yates then argued that he was charged with battery again when he was at the Reno County jail in 2016 and was later found guilty, a clear reference to the incident that gave rise to his convictions in *Yates II*. Finally, he accurately asserted that he received a sentence of 20 years in that case. Yates argued that he was entitled to relief and requested that it take the form of a dismissal of one of his convictions from the second case. The contentions set forth in his K.S.A. 60-1501 motion primarily mirrored those that Yates relied on in support of the motion to dismiss that he filed prior to trial in his second case.

Yates filed the motion pursuant to K.S.A. 60-1501, in his county of confinement, and named the warden of HCF as the defendant. Even so, the district court opted to construe the motion as though it was filed under K.S.A. 60-1507 for the purpose of having one of his criminal convictions in *Yates II* vacated. The judge denied the motion, noting that Yates raised the same issue as part of his direct appeal in *Yates II*, and this court rejected it to affirm his convictions.

Meanwhile, the filing deadlines for K.S.A. 60-1507 motions resumed on August 2, 2021. See Kansas Supreme Court Administrative Order 2021-PR-100, effective August 2, 2021 (declaring that "'a person shall have the same number of days to comply with the deadline or time limitation as the person had when the deadline or time limitation was extended or suspended'"). Accordingly, to the extent Yates was interested

3

in filing a K.S.A. 60-1507 motion in either or both of his cases, this directive required Yates to file a motion within 140 days for *Yates I* and within 218 days for *Yates II* to be in compliance with the one-year filing deadline under K.S.A. 60-1507(f)(1)(A). Stated another way, he was required to file a motion by December 20, 2021, in *Yates I*, and by March 8, 2022, in *Yates II*.

In December 2021, counsel for Yates filed separate K.S.A 60-1507 motions in both cases. The two motions contained the following identical claims:

- "Trial counsel was ineffective in failing to put on a mental defect or disease defense at trial. (Petitioner has been determined a mental health patient by KDOC)."

- "Trial counsel was ineffective in failing to determine the Petitioner's competency to proceed to trial."

- "Trial counsel was ineffective in failing to request a downward dispositional/durational departure sentence based upon the Petitioner's significant mental health issues."

- Trial counsel was ineffective for their commission of numerous, unspecified errors throughout both cases.

Counsel for Yates also added claims of ineffective assistance that were specific to *Yates I*, including that trial counsel failed to: (1) raise double jeopardy issues; (2) have inadmissible statements redacted; and (3) object or attempt to suppress certain evidence. He also included a contention that his appellate counsel was similarly deficient for failing to raise double jeopardy issues on direct appeal. Yates did not argue that manifest injustice would occur if the district court bypassed the merits of his claims to simply deny

4

the motion as untimely. The only additional claim of deficient representation that was raised as particular to *Yates II* was the allegation that trial counsel failed to have Yates' "mental capacity" evaluated before he waived his right to a jury trial.

The district court summarily dismissed both motions as untimely, successive, and conclusory. Yates moved for reconsideration in both cases. His counsel argued that the district court erred when calculating the days lapsed between the issuance of the respective mandates for each case and their corresponding one-year filing deadline for his K.S.A. 60-1507 motions. The district court's dismissal of the motions as successive was also challenged as erroneous. Counsel argued that the rationale the district court relied on to arrive at that conclusion was flawed because it necessarily required Yates' first postconviction motion (case No. 20-CV-208) to be classified as one filed under K.S.A. 60-1507 rather than K.S.A. 60-1501 as Yates intended. Finally, he argued that even if that prior motion could be properly construed as one filed under K.S.A. 60-1507, the claims contained therein were not duplicative of those he relied on for relief in his current K.S.A. 60-1507 motions. Counsel noted that the current issues were not even raised as part of the previous action because it was filed pro se before his attorney had an opportunity to review the cases and discern which issues were most likely to yield a favorable outcome for Yates. Counsel also appended the report from Yates' recent mental health evaluation to substantiate the assertion that Yates labored under considerable mental health issues. Counsel argued that Yates' condition provided the exceptional circumstances required to excuse his failure to raise the issues as part of an earlier proceeding. Accordingly, his motions were erroneously dismissed as successive.

The district court was not persuaded and denied both motions to reconsider.

Yates now brings his case before this court with a timely request for a review and analysis of the denial of his K.S.A. 60-1507 motions and a determination of whether the

district court erred when it declined to grant an evidentiary hearing to resolve Yates' claims that his counsel rendered efficient representation during his trials.

LEGAL ANALYSIS

*The district court's summary denial of the two motions Yates filed pursuant to K.S.A. 60-1507 was appropriate.*

Yates argues that the dismissal of his motions as untimely was the product of the district court judge's failure to use the appropriate date when marking when the one-year time frame started to run. The State agrees with Yates' proposed dates and that the district court erred in this regard for one of the two cases. However, it correctly notes that Yates did not file his K.S.A. 60-1507 motion in *Yates I* until 367 days after the mandate was filed in his direct appeal; therefore, he exceeded the one-year time limitation in that case. Following a careful review of the issue in conjunction with the record on appeal, we find that the district court was right for the wrong reason in denying the 60-1507 motion in *Yates I* as untimely but erred in finding that the motion in *Yates II* was not timely filed.

A district court has three options when faced with ruling on a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

6

The appropriate standard of review is dependent upon which of these options a district court applied to the motion before it. 311 Kan. at 578.

When the district court summarily denies a K.S.A. 60-1507 motion, as it did here, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant truly was not entitled to any relief. *State v. Roberts*, 310 Kan. 5, 12, 444 P.3d 982 (2019). A movant has the burden to prove that an evidentiary hearing is warranted by making more than conclusory contentions in their motion and demonstrating that an evidentiary basis exists or is available in the record. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2026 Kan. S. Ct. R. at 242) (preponderance burden).

*Timeliness and the One-Year Filing Deadline*

A movant has one year from the date that their conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). This time limitation may be extended by the district court only when the movant successfully establishes that a failure to grant an extension will subject the offender to manifest injustice. K.S.A. 60-1507(f)(2). If a movant files their motion outside the one-year time limitation but fails to assert manifest injustice, they are procedurally barred from moving forward with their claim. *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013).

K.S.A. 60-1507(f)(2) offers guidance in discerning the potential for manifest injustice to occur and provides that courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 60-1507(f)(2)(A). The Legislature defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 60-1507(f)(2)(A). In those instances where the court makes a manifest injustice finding, it is required to state its legal and factual bases in writing and serve a copy of the same on both parties. K.S.A. 60-1507(f)(2)(B). When an analysis of the motion, files, and records of the case reveals that the time limitation was exceeded and a dismissal of the motion will not result in manifest injustice, courts are required to dismiss the motion as untimely filed. K.S.A. 60-1507(f)(3).

Yates argues that the district court used the wrong date when it calculated the deadlines for his motions. The State agrees in part. The district court did not look to the mandate in *Yates I* as the starting point of the timeline for filing a K.S.A. 60-1507 motion in that case. It instead made the following reference to dates associated with Yates' K.S.A. 60-1501 motion: "Since there was no notice of appeal filed in 20 CV 208, the appellate courts lost jurisdiction by the [*sic*] September 11, 2020. The Plaintiff did not file his motion until December 22, 2021. This court does not have jurisdiction to consider the Defendant's motion."

Our independent analysis of the record, as the de novo standard obligates us to do, indicates that Yates failed to bring a K.S.A. 60-1507 motion in relation to *Yates I* within the one-year deadline set by K.S.A. 2021 Supp. 60-1507(f). The mandate for his direct appeal in *Yates I* was issued on August 6, 2019, which required Yates to file a K.S.A. 60-1507 motion no later than August 5, 2020, or demonstrate manifest injustice to excuse his late filing. But that deadline ultimately shifted as a product of the suspended filing deadlines instituted in response to COVID-19. As a result, his new deadline to file was

8

December 20, 2021, and Yates and the State agree that is the correct filing deadline for *Yates I*. Thus, Yates' failure to file until December 22, 2021, deprived the district court of jurisdiction to review his claims, absent a showing of manifest injustice. Yates did not make that showing, so the district court properly denied the K.S.A. 60-1507 motion he filed to air his grievances about the representation he received at trial in *Yates I*.

The analytical avenue the district court traveled to arrive at its conclusion was flawed, but its ultimate determination that Yates failed to meet the one-year deadline was correct. It is that conclusion we are affirming today. See *State v. Noyce*, 301 Kan. 408, 411, 343 P.3d 105 (2015) ("'The judgment of the trial court, if correct, is to be upheld even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision.'").

The K.S.A. 60-1507 motion that Yates filed to challenge the assistance counsel provided in *Yates II*, however, presents differently. Both parties assert that Yates had until March 8, 2022, to file a motion regarding that case, so the motion he submitted on December 22, 2021, was timely filed. We agree that Yates' motion fell well within the applicable deadline, and the district court's conclusion to the contrary was erroneous. This determination requires us to analyze whether one of the other two bases for dismissal cited by the district court can sustain its conclusion.

*The Prohibition on Conclusory Claims*

In the factual summary set out above, we noted that the district court cited more than one legal basis as support for its denial of Yates' motions. We need not delve into either of the two remaining justifications with respect to the motion pertaining to *Yates I* because we already affirmed the district court's conclusion that the motion was untimely. See *Ransom v. State*, No. 118,667, 2018 WL 6424286, at *8 (Kan. App. 2018) (unpublished opinion) ("'On appeal, the district court's decision will be upheld if it is

9

correct for any reason.'"). Given our conclusion that Yates timely filed his second K.S.A. 60-1507 motion, however, the question of whether summary denial of that motion was appropriate remains outstanding.

Yates contends that the district court erred in finding that he failed to allege adequate facts to demonstrate that he was entitled to relief. He asserts that the issues he outlined concerning his mental health were sufficient to necessitate an evidentiary hearing to determine whether his trial counsel rendered deficient representation. Particularly, he failed to pursue a competency evaluation prior to trial or otherwise explore defenses related to his diminished mental capacity. The State counters that Yates' motion lacked any evidentiary foundation to support his claim. Rather, he merely relied on the conclusory assertion, grounded in conjecture, that a mental health evaluation would have yielded different outcomes at trial and sentencing. The State also notes that Yates did not favor the district court with any specific information concerning this issue until he filed a motion requesting that the judge reconsider its decision, and it was only then that Yates attached a copy of his recent mental health evaluation.

K.S.A. 60-1507(b) dictates that a district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law with respect thereto unless the motion, files, and records of the case conclusively show the movant is not entitled to relief.

Yates alleged that his trial counsel in *Yates II* was ineffective for failing to raise various issues related to his mental health. He specifically linked the deficiency to counsel's failure to: (1) pursue a determination of his competency to proceed to trial or waive his right to a jury trial; (2) advance a mental disease or defect defense; and (3) move for a departure sentence based on Yates' mental health challenges. Yates included the additional argument that even if each claim, standing alone, did not establish

10

that his counsel was ineffective, when they were considered collectively, it provided a clear illustration of the subpar representation counsel provided.

The district court denied Yates' K.S.A. 60-1507 motion as conclusory because rather than allege specific facts as the required means of demonstrating that an evidentiary hearing was warranted to resolve his claims, Yates merely speculated about the results of a competency evaluation. Notably, Yates did not assert that he was not competent to stand trial nor highlight any particular facts that triggered the obligation for his attorney or the judge to seek a competency evaluation. His motion was also absent any facts that demonstrated a mental disease or defect absolved him of any responsibility for the attack against the two Reno County law enforcement officers. We share the district court's conclusion that Yates' motion essentially amounted to a "'fishing expedition.'" That is, an effort to acquire evidence of a mental illness that he might then rely upon to demonstrate he was incompetent to stand trial, and therefore, his trial attorney was ineffective for failing to raise the issue. *Stewart v. State*, 310 Kan. 39, 54, 444 P.3d 955 (2019).

We further note that the argument Yates offers on appeal is an amalgamation of the claims set out in his K.S.A. 60-1507 motion and those he offered in support of his motion to reconsider. He seemingly does so as a means of bolstering his contention that an evidentiary hearing was necessary to resolve his claim that trial counsel neglected to appropriately manage the issues surrounding his mental illness. But as the State correctly points out, the district court did not err by declining to review the new information that Yates presented for the first time in his motion to reconsider, namely, his mental health evaluation. A motion to reconsider under K.S.A. 60-259(f) is precisely that—the opportunity for a district court to correct prior errors or mistakes. *Ross-Williams v. Bennett*, 55 Kan. App. 2d 524, 564, 419 P.3d 608 (2018). Such motions do not provide an avenue for a party to offer new arguments or evidence that could have been presented before the district court issued its initial ruling. 55 Kan. App. 2d at 564. In other words,

11

motions to reconsider are not a second bite at the apple. They are only appropriate where a district court "'has obviously misapprehended a party's position, the facts, or [the] applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence.'" *State v. Wilson*, No. 114,203, 2016 WL 1169487, at *5 (Kan. App. 2016) (unpublished opinion) (quoting *Koch v. Koch Industries, Inc.*, 6 F. Supp. 2d 1207, 1209 [D. Kan. 1998]).

The record on appeal does not clearly demonstrate to us that the district court misunderstood Yates' legal position, made an error of law, or committed a mistake of fact. Nor did Yates come forward with any previously *unavailable* evidence in support of his position. Rather, the district court confined its analysis to the merits of Yates' K.S.A. 60-1507 motion when it denied his motion to reconsider. The judge found that trial counsel's presence in the courtroom enabled them to assess whether Yates needed a psychiatric evaluation and that determination was not affected by a mental health evaluation conducted several years later. The district court added:

> "Following Petitioner's rationale on his mental illness, he was not competent for any of his proceedings from age seven on and every attorney, and judge connected with his three person felony convictions, two nonperson felony convictions, and three non-person misdemeanor convictions failed to note his lack of competency or potential mental disease or defect defense."

The district court determined that Yates failed to present sufficient information in his K.S.A. 60-1507 motion to support a finding that his counsel was ineffective for not seeking a competency evaluation or pursuing a mental disease or defect defense.

Even if the report from Yates' psychological evaluation provided appropriate fodder for his contention, it is not undeniably favorable to him. Yates directs our attention to his outbursts at trial and those hearing transcripts that played a role in the psychologist's diagnosis that Yates suffered from a schizoaffective disorder. Yates claims

those resources offer evidence of his struggles with mania and grandiose or paranoid delusions. While it is true that the psychologist used transcripts to arrive at a diagnosis, Yates fails to link either those transcripts or the psychologist's ultimate diagnosis to his claim that his competency was in doubt. In truth, the psychologist determined that Yates was competent to stand trial. He noted that while Yates may have some difficulty with the proceedings, the district court could take steps to mitigate his moderate incapacity and reduce it to mild by explaining things in simple terms and using visual aids or video technology. Thus, it cannot be said that Yates' trial counsel was ineffective for failing to raise the issue of his competency where the only evidence Yates provided in support of that allegation reflects that he was actually competent to stand trial. The district court correctly rejected Yates' arguments related to a pretrial competency evaluation and a trial defense of mental disease or defect.

The K.S.A. 60-1507 motion that Yates filed to challenge the representation he received at trial in *Yates II* was properly dismissed as conclusory. Even after his motion to reconsider sought to impermissibly weave new information into the analysis, there simply was no evidence to substantiate his claim that he was not mentally competent to waive his right to a jury trial or proceed to trial. Thus, the motion, files, and case records conclusively show that an evidentiary hearing was not necessary to resolve Yates' claim that his counsel failed to effectively represent him at trial.

The district court also summarily denied Yates' motions as successive. Given our decision to uphold its decisions that the motions were untimely and conclusory, respectively, it is not necessary to conduct an analysis as to whether they were also successive.

Affirmed.

13